# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAVON ROBINSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 8864 |
| | ) | |
| **CITY OF CHICAGO,** et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendants City of Chicago (the "City") and its Police Officer Lonnie Young ("Young") have filed their joint Answer and seven purported affirmative defenses ("ADs") to the Complaint brought against them by Javon Robinson ("Robinson"). This memorandum order is issued sua sponte to deal with some problematic aspects of that responsive pleading.

To begin with, "7" seems to be an unlucky number for the City and Young -- each of Answer ¶¶ 17, 27 and 37 requires correction. Here are the different problems posed by those paragraphs:

1. As for Answer ¶ 7, it purports to be responsive to this allegation in Complaint ¶ 17:

    Defendant Young turned around and Mr. Robinson could see that he was angry.

    But Answer ¶ 17 says nothing at all about the alleged anger on Young's part -- instead it purports to "admit" (!) that <u>Robinson</u> "became angry." That nonresponsive answer, which inappropriately asserts defendants' position rather than dealing with Robinson's, is stricken.

2. In Answer ¶ 27, instead of simply responding to the straightforward allegation that Robinson was acquitted of all charges brought against him involving his interaction with Young, defendants go on to "deny that the court's finding in judgment was supported by the evidence." That improper addition is trashed as well.

3. Answer ¶ 37 denies each of the allegations in this Complaint ¶ 37:

> All charges against Plaintiff were dismissed in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

But just how are defendants in a position to deny what Robinson has alleged in that respect? That paragraph of the Answer is stricken as well.

There is another aspect of the Answer that reflects defense counsel's failure to recognize an inherent conflict of interest posed by their joint representation of the City and Young. Answer ¶ 43, advanced in response to Robinson's state law respondeat superior charge, puts those two clients at direct odds with each other -- if Young was not indeed "employed by and acting as agent of the City of Chicago" and if a factfinding jury rules in Robinson's favor, the City has hung Young out to dry. Defense counsel ought to think that problem through.

Lastly, several of the ADs are problematic. Here they are:

1. AD 1's assertion of qualified immunity on Young's part violates the Fed. R. Civ. P. 8(c) concept that an AD accepts a plaintiff's allegations but asserts the absence of liability (or perhaps the absence of full liability, as in the case of contributory negligence) -- and here AD 1's reference to

> Robinson's "aggressive acts of misconduct" is totally inconsistent with Complaint ¶¶ 15 and 18.

2. That is equally true as to AD 2's asserted claim of "self defense" on Young's part.

3. As to AD 3, in which defense counsel perhaps understandably refers to Robinson's respondeat superior claim as "Count V" (it is in fact the Complaint's fifth count, although the Complaint inexplicably jumps from "Count III" to "Count XI," thus labeling the respondeat superior claim as "Count XII"), defense counsel asserts in part "that the City of Chicago cannot be liable under state law for punitive damages." But the Complaint seeks such damages only against individual defendant Young, not the City. That error should also be corrected.

4. AD 6 asserts a duty on Robinson's part "to mitigate his damages," but counsel has left totally unexplained just what part mitigation of damages would play under the allegations of the Complaint. If such a defense is really advanced, defense counsel has an obligation to elaborate on the defense to make that contention plausible.

5. Finally, AD 7 correctly asserts that Young "is absolutely immune from civil liability for any claim that he committed, or conspired to commit, perjury in the course of his testimony during the judicial proceedings in Plaintiff's underlying criminal case." As correct as that proposition of law may be, the state law malicious prosecution claim embodied in Complaint ¶ 36 does

not advance a contention of the nature disavowed in AD 7. That AD will be left undisturbed, however, for the proposition advanced there may assist in shaping the presentation of this lawsuit at trial.

					_____
					Milton I. Shadur
					Senior United States District Judge

Date:   March 17, 2017